Herman JONES, Plaintiff,

v.

NABISCO, INC., Defendant.

No. CIV–2–81–107.

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 9, 1982.

Stuart G. Anderson, Jr., Greenville, S. C., Kim R. Varner, Fountain Inn, S. C., and Dorothy Stulberg, Oak Ridge, Tenn., for plaintiff.

Robert S. Phifer and James B. Spears, Jr., Greenville, S. C., and Michael May and Walter Waddey, Kingsport, Tenn., for defendant.

Stuart G. Anderson, Jr., Greenville, S. C., Kim R. Varner, Fountain Inn, S. C., and Dorothy Stulberg, Oak Ridge, Tenn., for plaintiff.

Robert S. Phifer and James B. Spears, Jr., Greenville, S. C., and Michael May and Walter Waddey, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

Citing the anticipated unavailability of a key witness at trial due to his physical

illness and infirmity, the defendant moved the Court for a pretrial ruling that the affidavit of such witness will be admissible at trial under the provisions of Rule 804(b)(5), Federal Rules of Evidence.* Being unable to rule intelligently on the admissibility of such affidavit pretrial, the Court defers any consideration of such motion until trial.

Central to the applicability of Rule 804(b)(5), *supra*, is the "unavailability" of the proposed witness Mr. Smith to testify at the trial. His "unavailability as a witness" encompasses the situation when he " * * * is unable to be present or to testify at the hearing because of * * * *then existing* [emphasis provided] physical * * * illness or infirmity * * *." Rule 804(a)(4), Federal Rules of Evidence. The Court is unable to determine at this time the physical condition of Mr. Smith *at* the time of trial several weeks ahead.

Even though the prognosis, that Mr. Smith will regain his health to such an extent that he will be able to testify at trial, appears dim at this time, that possibility remains viable. The determination of whether hearsay evidence is admissible under the provisions of Rule 804(b)(5), *supra*, can best be made at trial.

Such " * * * is a decision that must await trial; no advisory opinion on that score is within this [C]ourt's jurisdiction. * * * *" *United States v. Driscoll*, D.C.N.J. (1978), 445 F.Supp. 864, 866[6]. Rule 804, *supra*, " * * * expresses preferences: testimony given on the stand in person is preferred over hearsay, and hearsay, if of the specified quality, is preferred over complete loss of evidence of the declarant. * * * *" Notes of Advisory Committee on Rule 804, *supra*.

Ordinarily, in actions in this Court, when a witness is unavailable to testify at trial, counsel will stipulate what would have been his or her testimony *had* such witness been available to testify. *See* Local Rule 14 (In civil actions, counsel shall stipulate pretrial all undisputed facts). The defendant should attempt to make Mr. Smith available for interview by counsel for the defendant, if his health permits, so that such counsel will know to what Mr. Smith would testify if able physically so to do.

An affidavit is a poor substitute for the testimony of a witness at trial. Although it appears that Mr. Smith's present condition is such that he is unable to undergo a deposition upon oral examination, *see* Rule 30, Federal Rules of Civil Procedure, counsel should consider whether his testimony might be taken by deposition upon written questions, *see* Rule 31, Federal Rules of Civil Procedure. The defendant might then be able to secure the use of such deposition under the provisions of Rule 32(a)(3)(C), Federal Rules of Civil Procedure, without having to establish the criteria of Rule 804(b)(5), *supra*.

---

* " * * * The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

> * * * * * *

> * * * A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant."

> * * * * * *

Rule 804(b)(5), Federal Rules of Evidence.